UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | No. 1:12-CR-104 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| | ) | |
| FAITH BLAKE | ) | |

**MEMORANDUM**

Before the Court is Defendant Faith Blake's ("Blake") motion to withdraw her guilty plea. On December 19, 2013 Blake appeared before Magistrate Judge William B. Mitchell Carter and pleaded guilty to the offenses specified in her indictment. This Court adopted Magistrate Judge Carter's Report and Recommendation ("R&R") approving Blake's plea on January 7, 2014 (Court File No. 80). On February 26, 2014 Blake's Presentence Investigation Report ("PSR") was prepared and distributed to the parties (Court File No. 195). Soon after, Blake requested and was granted new counsel. On August 1, 2014 Defendant Blake filed a motion to withdraw her guilty plea, claiming that her earlier plea was not voluntary but was instead the result of coercion by her prior counsel (Court File No. 276). The Government filed a response in opposition (Court File No. 314).

Considering the applicable law, the Court finds that Blake has failed to meet the requirements for granting such a motion. Accordingly, the Court will **DENY** Blake's motion and reschedule her sentencing hearing.

I. **STANDARD OF REVIEW**

Withdrawal of a guilty plea is governed by Fed. R. Crim. P. 11(d). "A defendant may

withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d). In analyzing whether a defendant has made the requisite showing, a court considers the list of seven non-exhaustive factors set forth in *United States v. Bashara*: (1) the amount of time that elapsed between the plea and the motion to withdraw, (2) the existence or absence of a valid reason for the failure to move for withdrawal earlier, (3) whether the defendant has asserted or maintained her innocence, (4) the circumstances underlying the entry of the guilty plea, (5) the defendant's background, (6) the defendant's prior experience in the criminal justice system, and (7) potential prejudice to the United States if the defendant's motion were granted. *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994).

## II. RELEVANT FACTS

On August 28, 2012, a federal grand jury sitting returned a sixty-six-count indictment charging Blake and three codefendants with participating in a prescription drug trafficking conspiracy based out of a pain clinic. Blake was released pending trial. In May 2013, law enforcement received information that she may have violated conditions of her release. Blake failed to appear for her revocation hearing on May 14, 2013. Law enforcement went to her house to investigate and found that Blake had abandoned the house. Five months later, she was apprehended in Maryland living under an assumed name. On June 25, 2013, the Government filed a superseding indictment adding additional IRS charges and failure-to-appear charges as to Blake.

On December 19, 2013, Blake pleaded guilty to four counts of the ninety-one-count superseding indictment. Count One charged Conspiracy to Distribute and Dispense Controlled Substances, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), 841(a)(1); Count Six charged

2

Conspiracy to Distribute and Dispense Controlled Substances, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), 841(a)(1); Count Ninety charged Failure to Appear, in violation of 18 U.S.C. §§ 3146(a)(1), 3146(b)(1)(A)(I); Count Ninety-One charged Obstruct or Impede the Internal Revenue Laws, in violation of 26 U.S.C. § 7212(a). As part of her plea agreement, Blake agreed with the factual basis provided by the government, admitting to running pain clinics that distributed controlled substances without a legitimate medical purpose and outside the scope of professional practice (Court File No. 301-1).

On November 20, 2013, Blake signed the plea agreement in the presence of her attorney. After signing the agreement she cooperated with government agents for a period of time. Blake was also interviewed by Probation Officers in connection with preparation of the PSR. At no time did Blake indicate to the Probation Officer that she was not guilty of the offenses to which she pleaded guilty. She received her PSR on February 26, 2014 and, a little over a week later, filed a motion requesting new counsel. On March 20, 2014, Blake appeared before Magistrate Judge Carter and was appointed new counsel. At that hearing, Blake did not indicate any intention to withdraw her plea despite being given the opportunity to address the court. On August 1, 2014, Blake filed the instant motion to withdraw her guilty plea (Court File No. 276).

At a hearing on the motion, the Government called Eugene Shiles, Blake's prior counsel. Mr. Shiles testified that he had not, in any way, coerced Blake into entering her plea nor had Blake ever expressed to him a desire to withdraw her guilty plea. His testimony was very logical, cogent and credible. The Government also introduced into evidence correspondence between Blake and her former counsel further supporting and corroborating Shiles's testimony.

## III.  DISCUSSION

As a preliminary matter, much of the following analysis is influenced by the Court's assessment of Blake's credibility in her testimony that she was coerced by her trial counsel in her initial plea. For two reasons, the Court does not find Blake's recent testimony credible. First, Blake has a motive to be untruthful. She has a stake in the outcome in this motion and that outcome is largely dependent on her ability to provide a valid reason for her delay in filing the instant motion. Second, her testimony was completely contradictory to other statements she has given to the court. When she appeared before Magistrate Judge Carter on December 19, 2013, she testified under oath (Court File No. 227, pp. 5–6). She agreed with Judge Carter that she and her lawyer had discussed the case, gone over all of the relevant documents, and she was satisfied with her lawyer's performance (*Id.* at 7). She stated that she was not on any sort of medication that might prevent her from understanding the proceeding (*Id.* at 6–7). She denied that she had been forced or threatened into making the guilty plea (*Id.* at 11). Finally, she acknowledged her guilt multiple times both as to the elements of the offenses with which she was charged and again by acknowledging her agreement to the factual basis (*Id.* at 14-20, 25-26). At no time during this hearing did she assert her innocence (*Id.*). In her interview with the Probation Office she never asserted her innocence . These statements stand in stark contrast to her Affidavit in support of her motion to withdraw her plea (Court File No. 276-1). There she states that she was not provided with a chance to review important documents and discovery in the case and that she was in extreme pain at the time of the hearing (*Id.* ¶¶ 5-7, 10). Her chief complaint is that she was threatened and coerced into entering her plea by her initial counsel (*Id.* ¶¶ 3-4, 12-13). She also asserts now that she is in fact innocent of the charges against her (*Id.* ¶¶ 4, 13). In light of Blake's motive as well as her inconsistent

4

statements, which go to the very heart of her claims, this Court does not find her credible.

With this credibility determination in mind, the Court now turns to the seven *Bashara* factors it should consider in resolving a motion to withdraw a guilty plea:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it;
> (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
> (3) whether the defendant has asserted or maintained his innocence;
> (4) the circumstances underlying the entry of the guilty plea;
> (5) the defendant's nature and background;
> (6) the degree to which the defendant has had prior experience with the criminal justice system; and
> (7) potential prejudice to the government if the motion to withdraw is granted.

*Bashara*, 27 F.3d at 1181. These factors are a general, non-exclusive list and no one factor is controlling. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). \

**(1) The Delay**

Blake pleaded guilty on December 19, 2013. She first moved to withdraw her plea on August 1, 2014. Her motion for withdrawal came over 226 days after her original plea. During this time she did not express to the Court any intent to withdraw her plea despite addressing the Court in the hearing on her motion to substitute counsel held by Magistrate Judge Carter on March 20, 2013 (Court File No. 282, pp. 11–12). Nor did she write to the Court or share this desire with the Probation Office.

Blake's delay weighs heavily against her motion to withdraw her guilty plea. The United States Court of Appeals for the Sixth Circuit has affirmed denials of motions to withdraw guilty pleas where the defendant's delay was much shorter than the delay in this case. *See, e.g., United States v. Durham*, 178 F.3d 796, 798–99 (6th Cir. 1999) (seventy-seven day delay was strongest factor supporting denial of motion); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (sixty-

5

seven day delay and failure to justify it were strongest factors supporting denial of motion); *Bashara*, 27 F.3d at 1181 (six week delay supported denial of motion); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (fifty-five day delay supported denial of motion); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (five week delay supported denial of motion). Indeed, in *United States v. Valdez*, the Sixth Circuit found that an unjustified delay of seventy-five days, standing alone, was sufficient to support a denial of a motion to withdraw. 362 F.3d 903, 913 (6th Cir. 2004).

In support of her motion, Blake cites *United States v. Osborne*, 565 F. Supp. 2d 927 (E.D. Tenn. 2008) where the judge granted the defendant's motion to withdraw his guilty plea despite a delay of 133 days. *Id.* at 933. Setting aside the fact that Blake's delay was almost 100 days longer than the delay of the defendant in *Osborne*, there are significant facts that render *Osborne* inapplicable here. Critically, counsel for the defendant in *Osborne* admitted to the court that the defendant had requested a motion to withdraw to be filed as early as two weeks after the plea was entered. *Id.* at 932. In the instant case, however, Mr. Shiles testified that no such request was made. Blake's claims to the contrary are not credible.

In short, while no one factor is controlling in the *Bachara* analysis, the length of Blake's delay weighs heavily against allowing her to withdraw her guilty plea.

**(2) Justification for Delay**

Blake claims she attempted to have her initial counsel file a motion to withdraw her plea on several occasions. She claims that he refused to file a motion despite her repeated insistence that he do so and also that she was not given access to certain discovery documents and grand jury testimony until after she had entered her plea (Court File No. 276-1 ¶¶ 5-9, 11). Finally, she asserts

6

that she was given inaccurate information regarding her potential sentencing exposure (Court File No. 276, p. 5). Mr. Shiles testified that she never stated such a desire to him and had she done so he would have filed the motion. After hearing Blake's testimony, the Court does not find her credible and does find Mr. Shiles to be credible.

Furthermore, Blake provides no valid reason why she delayed four months from being appointed new counsel before filing her motion to withdraw. Her motion indicates that the delay was a result of the extensive documents that had to be reviewed (Court File No. 276, p. 3). It is unclear what documents or other materials would need to be reviewed before filing such a motion. The only document attached is an affidavit from Defendant Blake herself. The Court concludes that Blake has not provided a valid reason for her delay which weighs heavily against the defendant.

**(3) Assertion of Innocence**

If Blake maintained her innocence prior to filing the motion to withdraw her guilty plea, she did so in silence and did not express that belief in her communications to the Court. She did, however, admit her guilt in her plea agreement, admit her guilt at her plea hearing, and never asserted her innocence at a subsequent hearing to appoint new counsel. Nor did Blake write to the Court or communicate in any manner with the Court that she was innocent of the charges. The instant motion, filed August 2014, is the first indication the Court had that Blake was asserting her innocence. This factor again weighs against Blake.

**(4) Circumstances Underlying Her Guilty Plea**

Blake has made no showing that the circumstances underlying her guilty plea support a motion to withdraw that guilty plea. Blake was represented by experienced counsel and had over fourteen months to consider the charges against her. After she signed the plea agreement, she had

7

a month to reconsider it before the hearing on December 9, 2013. During the plea colloquy, she agreed that she had discussed the charges with her attorney and asserted that she had not been coerced or threatened into making the plea (Court File No. 227, p. 11). "A defendant's statements at a plea hearing should be regarded as conclusive [as to truth and accuracy] in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements." *United States v. Owens*, 215 Fed. Appx. 498, 502 (6th Cir. 2007) (internal quotation marks and citations omitted) (alterations in original). A review of the transcript of her guilty plea demonstrates that the Magistrate Judge scrupulously complied with Rule 11 (Court File No. 227). The Court does not find any credible evidence of threats or coercion. This factor weighs against Blake's motion to withdraw her guilty plea.

### (5) Blake's Nature and Background

According to the PSR, Blake has a GED, attended college for one and a half years and has no mental health problems. There is no evidence that she did not understand the plea colloquy. Far from appearing cowed by her initial counsel, from the testimony of Mr. Shiles and her written communications with him she appears to be a strong willed and forceful person who insists in getting her way. Instead of the evidence suggesting a person easily swayed by others, the evidence instead suggests she had difficulty complying with the instructions of both counsel and the Court, as she violated conditions of her release and then absconded to Maryland. This factor weighs against withdrawal.

### (6) Experience with the Criminal Justice System

Blake has had minimal experience with the criminal justice system generally and appears to have no experience with the federal criminal justice system. This factor weighs in favor of granting

8

Defendant Blake's motion.

**(7) Potential Prejudice to the Government**

The Court need not consider any prejudice the Government might face if Blake were allowed to withdraw her guilty plea because the Court will not be granting that requested relief.

**IV.    CONCLUSION**

After considering the *Bashara* factors, the Court concludes that Blake has failed to provide "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d).  As the Court explains above, the Court does not find Blake's testimony credible.  The factors weighing most strongly against Blake are her extremely long delay between the entry of her plea and her motion to withdraw, her lack of a valid justification for the delay, and her failure to assert her innocence to the Court prior to her motion to withdraw.

For the reasons stated above, the Court will **DENY** Blake's motion for withdrawal of guilty plea (Court File No. 276).

**An Order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**